IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CORDELLRA MCCALEY**                                                               **PLAINTIFF**

v.                                                                               No. 4:22CV72-MPM-DAS

**SUPERINTENDENT MORRIS, ET AL.**                                      **DEFENDANTS**

**ORDER DISMISSING DEFENDANTS SUPERINTENDENT
MORRIS, WARDEN SIMON, CHIEF OF SECURITY STENCILS,
AND DEPUTY WARDEN MUNFORD**

The court issued an order [14] for the plaintiff to show cause, within 21 days, why defendants Superintendent Morris, Warden Simon, Chief of Security Stencils, and Deputy Warden Munford should not be dismissed with prejudice from this suit, as it appears that none of them participated directly in the events giving rise to it. The plaintiff has not responded to the order, and deadline to do so has expired. For the reasons set forth below, defendants Morris, Simon, Stencils, and Munford will be dismissed with prejudice from this case for failure to state a claim against them upon which relief could be granted.

**Factual Allegations**

On October 4, 2021, Captain Meeks and Corrections Officer Busby were conducting shower call for 29-G Building at the Mississippi State Penitentiary. Officer Busby was removing the plaintiff, who was handcuffed, from shower #1, while another offender, Nelson, who was in shower #3, opened his shower door to attack the plaintiff as he exited. Nelson was out and unrestrained, and Officer Busby shoved the plaintiff back into the shower with his hands still cuffed behind his back. Busby then fled the zone. Once inmate Nelson realized the plaintiff was defenseless, he attacked the plaintiff with a broomstick as Officer Busby and Captain Meeks

looked on. Neither Meeks nor Busby transported McCaley to medical; instead, he did not go to medical until two days later, after he submitted a medical request form. No prison staff reported the incident, and inmate Nelson never received a Rule Violation Report for the infraction.

McCaley filed a grievance regarding the incident, and, in the First Step Response Form, Deputy Warden Munford stated that the grievance was the first he had heard about the matter, but an investigation would take place. In the Second Step Response, Warden Simon stated that the incident had been investigated by Corrections Investigation Division ("CID") and that the plaintiff received medical treatment when he requested it. The plaintiff states that no one contacted CID until a law firm had first communicated with Commissioner Burl Cain about it. He also believes that Officer Busby has tried to hamper his communications with the court by using inmate Lorenzo Lewis and the alleged attacker, William Nelson, to keep him in his cell most of the time.

*Supervisor Liability*

Defendants Superintendent Morris, Warden Simon, Chief of Security Stencils, and Deputy Warden Munford will be dismissed from this case, as none of them participated in the events regarding the attack during shower call. A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a valid claim under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). A § 1983 plaintiff cannot proceed against a prison official based solely on the official's participation in the prison

grievance process. *Dehghani v. Vogelgesang*, 226 Fed.Appx. 404, 406 (5th Cir. 2007). There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, and (2) when he implements an unconstitutional policy that results in constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Indeed, a federal court cannot hold a supervisor liable for failure to supervise his subordinates – even when he is present on the scene – because, after *Ashcroft v. Iqbal*, 556 U.S. 662, 662, 129 S. Ct. 1937, 1939, 173 L. Ed. 2d 868 (2009), "a government official can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

In this case, the plaintiff does not allege that these defendants had any personal involvement or were causally connected to the attack in any way. Munford and Simon participated only through the grievance process, which does not rise to the level of a § 1983 claim. *Dehghani, supra*. Superintendent Morris and Chief of Security Stencils participated only regarding the decision whether and when to investigate. As none of these defendants was personally involved in the incident, they are **DISMISSED** with prejudice from this case. The case will, however, move forward as to Captain Meeks and Corrections Officer Busby.

**SO ORDERED**, this, the 25th day of September, 2023.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI